# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 10-80278-H3-11** |
| | § | |
| **GALVESTON BAY BIODIESEL, LP** | § | **Chapter 11** |
| | § | |
| **Debtor** | § | |

## DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361 AND 363 FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE PRE-PETITION LENDER, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 15 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**The Debtor is seeking an emergency hearing on the interim request for relief prior to the fifteen day period.**

Galveston Bay Biodiesel, LP ("GBB"), debtor-in-possession ("Debtor"), hereby moves this Court (the "Motion") on an emergency basis for entry of interim and final orders (i) authorizing the Debtor to use cash collateral, (ii) granting adequate protection to the prepetition lender, and (iii) scheduling a final hearing pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor respectfully represents as follows:

## SUMMARY OF RELIEF REQUESTED[1]

By this Motion, the Debtor seeks interim and final Court orders (the "Interim Order" and "Final Order") authorizing the Debtor to use Cash Collateral to operate its business and maintain the value of its estate, and interim and final Court orders granting adequate protection to Altira Group, LLC ("Altira"), the prepetition secured lender.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

2.      On May 10, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

3.      The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established.

4.      GBB is a Texas limited partnership that was formed on December 9, 2005 to develop and operate biodiesel[2] production facilities.  GCIP, LLC is the general partner, and 19 other individuals and entities have some limited partnership interest, including Standard

---

[1] Capitalized terms not defined herein are defined later in the Motion.
[2] See Affidavit of Rod Hayslett filed contemporaneously with this Motion for a more detailed description of the Debtor capital structure, business operations and summary of the events leading to the filing of this bankruptcy case.

Renewable Energy Group, LLC and Biodiesel 1, LLC, the only limited partners with more than a 7% partnership interest[3].

5.      The Debtor currently has 5 employees, but at its peak in 2008 it had over 30 employees.  The Debtor's plant is located at 4828 Old Port Road, Galveston, Texas 77554.  The Debtor leases the approximately seven (7) acres of land upon which the plant sits in Galveston from Sultex Ltd. ("Sultex").  The plant is located on the Galveston ship channel with ready access to ship, barge, rail and truck transportation.

6.      The plant began operation in August 2007.  From August 2007 until early summer 2008, significant modifications were made to the plant to increase its production capabilities.  At the point of the beginning of production in the second week of September 2008, Hurricane Ike washed through Galveston causing about $23.4 million in damages to the plant and business interruption claims.

7.      In the summer of 2009, GBB attempted to restart the facility but numerous problems related to the hurricane and the delay caused by it severely limited the plant's capabilities.

8.      The Debtor's insurance companies, Liberty Mutual Insurance Company and Ace American Insurance Company, failed to pay outstanding claims for property damage and business interruption caused by Hurricane Ike.  As a result the Debtor has not been able to make necessary repairs to make the plant fully operational or to pay the numerous claims from vendors and suppliers incurred as result of the efforts to restore the plant after the hurricane.

9.      In addition to the disruption caused by Hurricane Ike, in 2009 the Federal Government failed to issue new mandates for the use of biodiesel as required by law, and failed

---

[3] See the List of Equity Interest Holders filed contemporaneously with this Motion for a complete list of the Debtor's equity interest holders.

to extend the tax credit to blenders for the blending of biodiesel.  This has severely impacted the entire biodiesel industry.

10.     The combined effect of the failure of the Debtor's insurance companies to honor its Hurricane Ike insurance claims and the industry impact caused by the lack of a biodiesel mandate have made it necessary for the Debtor to file this chapter 11 bankruptcy case.  The Debtor's decision to file was hastened by the receipt of a Notice of Termination and Demand for Possession (the "Termination Notice"), received on March 22, 2010 from Sultex, the Debtor's landlord.  The Termination Notice alleged payment and other defaults under the lease, and gave notice that the lease would terminate on April 7, 2010.  The Debtor subsequently negotiated several extensions of the termination date, the latest such extension being May 12, 2010.

## PRE-PETITION FUNDING OF THE DEBTOR'S OPERATIONS

11.     In April 2006, the Debtor entered into a $7.7 million loan agreement with Chevron Technology Ventures, LLC, Contango Capital Biofuels Partners, LP, Standard Pacific Capital Holdings, LLP, and Altira Group, LLC.  Altira's participation in the loan was only $200,000.

12.     The loan agreement is purportedly secured by first priority security interests and liens on substantially all of the Debtor's assets, including but not limited to accounts, chattel paper, contract rights, equipment, inventory, fixtures, general intangibles, investment property, documents, letter of credit rights, deposit accounts, goods, buildings, water rights, plants, permits, development rights, land sale proceeds, insurance proceeds, condemnation proceeds, easements, leases, rents, other interests in land, and books and records (the "Pre-Petition Collateral").

13.     Subsequently, each of the lenders with the exception of Altira, converted their loans to equity in the form of limited partnership interests.  Altira did not convert its loan to equity.

14.     As of the Petition Date, the Debtor was indebted to Altira in the aggregate principal amount of approximately $306,249.07 (the "Pre-Petition Altira Debt").  Substantially all of the cash generated by the Debtor's business as of the Petition Date constitutes "cash collateral" as such term is defined in section 363(a) of the Bankruptcy Code and is subject to the alleged interests of Altira.

15.     Upon information and belief, mechanic's and materialman's lien affidavits have been filed and/or sent to the Debtor's landlord Sultex in the amount of $427,414.35 (the "Alleged M&M Liens").  The Alleged M&M liens do not attach to cash collateral and to the extent they do they are subordinate to Altira's liens in the Pre-Petition Collateral.

## RELIEF REQUESTED

16.     Pursuant to Bankruptcy Code sections 105, 361, and 363, the Debtor seeks authority on an interim and final basis to use cash collateral (as defined in 11 U.S.C. § 363(a)) (the "Cash Collateral") and to grant adequate protection to Altira.  The Debtor requires the use of cash generated from its operations in order to continue to operate its business, to maintain going concern value of the business and to ensure that adequate funds are available for normal and customary business expenses and operating needs in accordance with the budget attached hereto as Exhibit "A".

17.     The Debtor moves the Court to enter an order authorizing the Debtor to use Cash Collateral, while reserving the right of the Debtor and any Committee or trustee formed or

appointed in this case to object to the extent, priority, and validity of any alleged interest in this estate, including, without limitation, the Cash Collateral.

**LEGAL BASES FOR RELIEF REQUESTED**

**A.      Cash Collateral and Adequate Protection**

18.      The Debtor seeks to use Cash Collateral commencing immediately upon the Court's entry of the Interim Order.  The Cash Collateral will be used by the Debtor to the extent necessary to meet its working capital needs to operate its business in the ordinary course and to pay the necessary costs of this bankruptcy case.

19.      Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell, or lease cash collateral unless: "(a) each entity that has a interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).  Section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property . . . proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).  Thus, the Court can approve the Debtor's use of Cash Collateral if the Debtor provides adequate protection to Altira. *See, e.g., In re Energy Partners, Ltd.*, 409 B.R. 211, 235-36 (Bankr. S.D. Tex. 2009).

20.      The determination of adequate protection is a fact-specific inquiry to be decided on a case-by-case basis. *In re First S. Sav. Ass'n*, 820 F.2d 700, 710 (5th Cir. 1987) (nothing that adequate protection is determined on a case by case basis with a focus on protecting secured creditors from diminution in value of collateral); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996).  The Bankruptcy Code does not define adequate protection but lists several

6

examples: (1) cash payments to the extent of any decrease in the value of a secured creditor's interest in collateral (2) replacement liens to the extent any decrease in the value of a secured creditor's interest in collateral and (3) other relief, other than an administrative expense claim, that provides the secured creditor with the indubitable equivalent of such entity's interest in the collateral. 11 U.S.C. § 361; *see Perez v. Peake*, 373 B.R. 468, 483 (S.D. Tex. 2007).

21.   The section 361 list is non-exclusive and other factors can provide adequate protection. Other factors that can be considered include whether insurance is adequate, whether taxes are being paid, and whether the property is being maintained. *See In re Briggs Transp. Co.*, 780 F.2d 1348, 1349-50 (8th Cir. 1985). The Debtor intends to provide further adequate protection to Altira for the use of Cash collateral by offering to maintain the going concern value of Altira's alleged collateral by using the Cash Collateral to continue to maintain the Debtor's assets. *See In re First S. Sav. Ass'n*, 820 F.2d 700, 710 (5th Cir. 1987) (focusing on diminution in value of collateral).

22.   The Fifth Circuit has further stated that in determining whether a secured creditor's interest is adequately protected, courts may engage in an analysis of the "equity cushion." *Mendoza v. Temple-Inland Mortgage Corp. (Matter of Mendoza)*, 111 F.3d 1264, 1272 (5th Cir. 1997). In *Mendoza*, the Fifth Circuit found that an equity cushion of 20% was sufficient adequate protection. As stated in the Affidavit of Rod Hayslett filed contemporaneously with this Motion, the liquidation value of the Debtor's property subject to Altira's liens is at least $500,000.00, providing Altira an equity cushion of over 60% percent.

23.   Further, the Debtor proposes to provide Altira with postpetition replacement liens—to the extent of any postpetition diminution in value of the Pre-Petition Collateral on: (1)

all of the Debtor's postpetition property of the same kind or character as the Pre-Petition Collateral, and (2) any proceeds or profits from the Pre-Petition Collateral.

24.     The Debtor submits that the adequate protection discussed above and offered by the Debtor, provides Altira with adequate protection of its interest in the Cash Collateral.  Thus, the Court should permit the Debtor to use Cash Collateral as requested herein.

**B.     Request for Immediate Interim Relief**

25.     Pending the Final Hearing, the Debtor requires immediate use of Cash Collateral in order to operate their business and maintain the going concern value of its estate for the benefit of all parties in interest.  It is essential that the Debtor continue its operations, secure its property, maintain its plant, and continue paying for ordinary, post-petition operating expenses, including employee compensation, facilities maintenance, insurance, professional fees, and other general operating expenses.

26.     Absent immediate use of Cash Collateral and financing, the Debtor will be unable to pay ongoing operational expenses and will be forced to convert this case to a case under chapter 7.  Consequently, if interim relief is not obtained, the Debtor's assets will be immediately and irreparably jeopardized, to the detriment of their estate, their creditors and other parties in interest.

27.     Accordingly, the Debtor requests that, pending the Final Hearing, the Court schedule the Interim Hearing as soon as practicable to consider the Debtor's request for authorization to use Cash Collateral, in accordance with and pursuant to the terms and conditions contained in the Interim Order.

28.     Bankruptcy Rule 4001(b) permits a court to approve a debtor's request for financing during the 15-day period following the filing of a motion requesting authorization to

obtain post-petition financing, "only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(c)(2).  In examining requests for interim relief under this rule, courts apply the same business judgment standard applicable to other business decisions.  *See, e.g., In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990).  After the 15-day period, the request for financing is not limited to those amounts necessary to prevent destruction of a debtor's business.  A debtor is entitled to those amounts that it believes prudent in the operation of its business.  *See, e.g., In re Simasko Prod. Co.*, 47 B.R. 444, 449 (Bankr. D. Colo. 1985); *In re Ames Dep't Stores, Inc.*, 115 B.R. at 36.

29.  For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of their estates.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Debtor requests this Court to enter Interim and Final Orders granting the relief requested and such other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of May, 2010.

SELMAN MUNSON & LERNER, P.C.

By:   */s/ Christopher D. Johnson*
          Christopher D. Johnson
          Texas Bar No. 24012913
          Two Memorial City Plaza
          820 Gessner, Suite 800
          Houston, Texas  77024
          Telephone:   (713) 827-1722
          Facsimile:    (713) 827-1438

PROPOSED ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been served upon the parties listed on the attached Master Service List by electronic mail where available, or by first class mail, postage prepaid, on this 11th day of May, 2010.

___/s/ Christopher D. Johnson_____
Christopher D. Johnson

# Galveston Bay Biodiesel LP
## 8 WEEK CASH FLOW ANALYSIS

| | Notes | Week# 1 Wk Ending 5/14/2010 | 2 Wk Ending 5/21/2010 | 3 Wk Ending 5/28/2010 | 4 Wk Ending 6/4/2010 | 5 Wk Ending 6/11/2010 | 6 Wk Ending 6/18/2010 | 7 Wk Ending 6/25/2010 | 8 Wk Ending 7/2/2010 |
|---|---|---|---|---|---|---|---|---|---|
| BEGINNING CASH | | $ 26,119.28 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CASH RECEIPTS | | $ 34,694.81 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **CASH DISBURSEMENTS:** | | | | | | | | | |
| *EMPLOYEE EXPENSES:* | | | | | | | | | |
| PAYROLL & RELATED TAXES | | $ 20,112.72 | $ - | $ 20,112.72 | $ - | $ - | $ 20,112.72 | $ - | $ 20,112.72 |
| EMPLOYEE HEALTH & BENEFIT INSURANCE | 1 | $ - | $ - | $ - | $ - | $ 5,574.66 | $ - | $ - | $ 5,574.66 |
| EMPLOYEE EXPENSES | | $ - | $ - | $ 250.00 | $ - | $ - | $ - | $ 250.00 | $ - |
| *TOTAL EMPLOYEE EXPENSES* | | $ 20,112.72 | $ - | $ 20,362.72 | $ - | $ 5,574.66 | $ 20,112.72 | $ 250.00 | $ 25,687.38 |
| EQUIPMENT LEASES | | $ - | $ - | $ 4,189.30 | $ - | $ - | $ - | $ - | $ - |
| FACILITY RENT | | $ - | $ - | $ 571.76 | $ - | $ - | $ - | $ - | $ - |
| UTILITIES | | $ - | $ - | $ 3,655.56 | $ - | $ - | $ - | $ - | $ - |
| BUSINESS INSURANCE | | $ 23,080.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| TAXES | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| MISCELLANEOUS PAYABLES | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| US TRUSTEE FEES | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PROFESSIONAL FEES | | $ 6,250.00 | $ 6,250.00 | $ 6,250.00 | $ 6,250.00 | $ 6,250.00 | $ 6,250.00 | $ 6,250.00 | $ 6,250.00 |
| **TOTAL DISBURSEMENTS** | | $ 49,442.92 | $ 6,250.00 | $ 35,029.34 | $ 6,250.00 | $ 11,824.66 | $ 26,362.72 | $ 6,500.00 | $ 31,937.38 |
| **NET CASH FLOW** | | $ (14,748.11) | $ (6,250.00) | $ (35,029.34) | $ (6,250.00) | $ (11,824.66) | $ (26,362.72) | $ (6,500.00) | $ (31,937.38) |
| **CUMULATIVE DISBURSEMENTS** | | $ 49,442.92 | $ 55,692.92 | $ 90,722.26 | $ 96,972.26 | $ 108,796.92 | $ 135,159.64 | $ 141,659.64 | $ 173,597.02 |
| **CUMULATIVE NET CASH BALANCE** | | $ 11,371.17 | $ 5,121.17 | $ (29,908.17) | $ (36,158.17) | $ (47,982.83) | $ (74,345.55) | $ (80,845.55) | $ (112,782.93) |

**NOTES:**

1  Base Benefits Costs (Medical, Dental & Insurance)     $ 5,574.66


EXHIBIT A
tabbies

# SERVICE LIST

## United States Trustee

Ellen Maresh Hickman
Office of the United States Trustee
515 Rusk St., Ste. 3516
Houston, TX 77002
Email: Ellen.hickman@usdoj.gov

## Parties Requesting Service

Trent L. Rosenthal
Beirne Maynard & Parsons, LLP
Counsel for Sullivan Group
1300 Post Oak Blvd., Ste. 2500
Houston, TX 77056
Email: trosenthal@bmpllp.com

Scott A. Mixon
Co-Counsel for Sullivan Group
2423 Market Street, Ste. 100
Galveston, TX 77550
Email: smixon@mmo-law.com

## Creditors

1st Safety Sales & Rentals, LL
629 Howard Ave., Bldg. A
Deer Park, TX 77536

5 Star Welding & Industrial Sup
PO Box 1314
Santa Fe, TX 77510

A & H Electric
PO Box 3097
3401 Beall Lane
Galveston, TX 77554-0097

A. Craig Eiland
Law Office of A. Craig Eiland, PC
2211 The Strand, Ste. 201
Galveston, TX 77550

Addicks Fire & Safety, Inc.
1800 Sherwood Forest, Ste. B-1
Houston, TX 77043

AgResearch, Inc.
16230 Woodlake Drive
College Station, TX 77845

AIMM Technologies Inc.
PO Box 369
Lamarque, TX 77568

Air Liquide America Specialty LLC
11426 W. Fairmont Pky (11300)
La Port, TX 77571-6000

Air Liquide Industrial U.S. LP
801 West N. Carrier Parkway
Grand Prairie, TX 75050

Airgas
PO Box 676031
Dallas, TX 75261

Alliance Payroll Services, Inc.
12707 North Freeway
Suite 320
Houston, TX 77060

Allied Waste Service #855
Houston Services Group
PO Box 78756
Phoenix, AZ 85062

Altira Group LLC
World Trade Center
1625 Broadway, Ste. 2450
Denver, CO 80202

Amegy Bank
Commercial Loan Servicing Dept
TH-A007-5771
PO Box 3029
Houston, TX 77253

American Arbitration Association
13455 Noel Road
Suite 1750
Dallas, TX  75240

American Commodities Brokerage
145 East 48th St., Ste. 31C
New York, NY  10017

Amspec Services, LLC
PO Box 1748
360 East Elizabeth Ave.
Linden, NJ  07036

Ann Best Elite Temporaries
39018 Treasury Center
Chicago, IL  60694-9000

Applied Industrial Technologie
839 Highway 136 N
Texas City, TX  77590-6640

Aramark Uniform Services
PO Box 1339
Stafford, TX  77497

Ardent Services, LLC
East Gulf Coast
615 Hill Street
Jefferson, LA  70121

Aspen Technology, Inc.
200 Wheeler Road
Burlington, Massachusetts  01803-5501

Baker Corp
101 Old Underwood Rd., Bldg B
La Porte, TX  77571

Bay Area Industrial Supply
6202 Main St.
Hitchcock, TX  77563

Beck, Redden & Secrest, LLP
1221 McKinney St.
Suite 4500
Houston, TX  77010

BETCO Scaffolds
1617 Enid St.
Houston, TX  77009

Bill Spence
14 Ash Branch Ct.
The Woodlands, TX  77381

Biodiesel Experts International
PO Box 429
Pearland, TX  77588

Bioselect Fuels, LLC
c/o John D. White, General Counsel
1100 Louisiana, Ste. 5005
Houston, TX  77002

Bloomberg LLC
731 Lexington Ave.
New York, NY  10022

C. C. Wang
5318 Avondale Dr.
Sugar Land, TX  77479

Carlton Industries
PO Box 280
LaGrange, TX  78945

Chad Symcox
735 Wilken St.
Houston, TX  77008

Cheetah Transportation
PO Box 1327
Alvin, TX  77512

Chemtran USA, Inc.
PO Box 62456
Houston, TX  77205-2456

ChemTreat, Inc.
4461 Cox Rd., Ste. 300
Glen Allen, VA  23060

Chemtrec
Accounts Receivable
PO Box 791383
Baltimore, MD  21279-1383

Cisco Boiler Service Company
PO Box 266161
Houston, TX  77207-6161

City of Galveston Water Dept.
PO Box 779
Galveston, TX  77553

Clean Coast Technologies, Inc.
1041 Thomas Ave.
Pasadena, TX  77506

Clean Fuels Clearinghouse
5190 Neil Rd., Ste. 430
Reno, NV  89502

Cognis Corporation
PO Box 802568
Chicago, IL  60680

Complete Crane Services, Inc.
PO Box 41313
Houston, TX  77241-1313

Consolidated Electrical Distributors Inc
PO Box 5410
Covington, LA  70434

Convergint Technologies
35257 Eagle Way
Chicago, IL  60678

Crossroad Carriers, LP
PO Box 849
Mont Belvieu, TX  77580

Custom Chemicals
PO Box 441
Santa Fe, TX  77510

Cypress-Fiarbanks Tax Assessor Collector
c/o Anita Henry
10949 Jones Rd., Rm 106
Houston, TX  77065

D & G Communications, Inc.
2333 Palmer Hwy
Texas City, TX  77590

David Norgan
PO Box 771
Texas City, TX  77592

David Stanley
957 County Rd. #286
Edna, TX  77957

Degussa
379 Interpace Parkway
PO Box 677
Parsippany, NJ  07054

Direct Energy
1001 Liberty Avenue
Pittsburgh, PA  15222

Donald Wells Consulting Co.
2347 Bright Meadows
Missouri City, TX  77489

Dynasty Filtration
123 South 16th St.
La Porte, TX  77571

Ed Swinderman
25510 Lyon Springs Court
Spring, TX  77373

Elliot Electric Supply
PO Box 630610
Nacogdoches, TX  75936

Energy Labs
PO Box 30975
Billings, MT  59107-0975

Ernst & Young
Bank of America
PO Box 848107
Dallas, TX  75284

Evia Partners
PO Box 17017
Galveston, TX  77552

Express Personnel Services
1020 23rd (Tremont) St.
Galveston, TX  77550

Fastenal
115 Hwy 146 So.
Texas City, TX  77590

Fed Ex Freight
PO Box 406708
Atlanta, GA  30384

Fisher Scientific
PO Box 404705
Atlanta, GA  30384

Galveston County Tax Office
PO Box 1169
Galveston, TX  77553-1169

Gardere Wynne Sewell LP
1000 Louisiana, Ste. 3400
Houston, TX  77002

Garner Environmental
1717 W. 13th Street
Deer Park, TX  77536

General Lab Supply
PO Box 7120
Pasadena, TX  77508

Gordon Communications
4714 Louetta Rd., #709
Spring, TX  77388

Grainger
PO Box 419267
Kansas City, MO  64141-6267

Graphic Products, Inc.
PO Box 4070
Beaverton, OR  97076

Graybar
6161 Bingle Road
Houston, TX  77092

Great Western Supply Co.
Corporate Office, Dept. 377
PO Box 4346
Houston, TX  77210

Great Western Valve LLC
14247 Bandera St.
Houston, TX  77015

Greenergy USA, Inc.
111 Bridgeport Plaza, Ste. 310
Rome, GA  30161

Guardian
PO Box 95101
Chicago, IL  60694-5101

Harris County Tax Assessor
PO Box 4622
Houston, TX  77210-4622

HLC Enterprises
PO Box 1985
Texas City, TX  77592

Integrated Transportation Service
PO Box 1987
Channelview, TX  77530

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114

Intertek
Caleb Brett USA Inc.
PO Box 32849
Hartford, CT  06150

Island Health Center, P.A.
4623 Ft. Crockett Blvd.
Galveston, TX  77551-5962

Jackson Walker, LLP
PO Box 130989
Dallas, TX  75313

Jenny Ligums
1414 A Harold Street
Houston, TX  77006

JM Science
PO Box 250
Grand Island, NY  14072

John A. Mafrige
3505 Gramercy
Houston, TX  77025

John L. Wortham & Son, LP
PO Box 1388
Houston, TX  77251

Johnson DeLuca Kennedy & Kurisky
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, TX  77010

Joyce, McFarland & McFarland
One Shell Plaza
910 Louisiana, Ste. 5000
Houston, TX  77002

Kirby Inland Marine, LP
PO Box 200788
Houston, TX  77216

Kolmar Americas, Inc.
10 Middle Street
Penthouse
Bridgeport, CT  06604

Labcal Services Inc.
PO Box 1426
Kemah, TX  77565

Lansing Trade Group, LLC
PO Box 27267
Overland Park, KS  66210

Liberty Environmental Services
PO Box 25
Girard, OH  44420

Liquid Ring Service & Repair
PO Box 310835
Birmingham, Alabama  35231

McGraw Equipment
6819 Highway 90, Ste. 630
Katy, TX  77494

McGriff, Seibels & Williams, Inc.
10375 Richmond Ave.
Suite 1700
Houston, TX  77042

Mithoff Law Firm
c/o Richard W. Mithoff
One Allen Center
Penthouse, Ste. 3450
500 Dallas Street
Houston, TX  77002

Mitsubishi Int'l Tank Rentals
655 Third Ave.
New York, NY  10017

Mobile Mini
7420 S. Kyrene Rd.
Suite #101
Tempe, AZ  85283

Mobile Modular Corporation
PO Box 45043
San Francisco, CA  94145

MSC Industrial Supply Company
Dept. CH0075
Palentine, IL  60055

Mueller Water Conditioning, Inc.
PO Box 975118
Dallas, TX  75397

National Biodiesel Board
PO Box 104898
Jefferson City, MO  65110

NMC Global Corporation
650 Grove Road, Ste. 111
PO Box 309
Thorofare, NJ  08086

Noble Americas Corporation
333 Ludlow St., Ste. 1230
Stamford, CT  06902

Office of the Attorney General
TX Child Support SDU
PO Box 659791
San Antonio, TX  78265-9791

Parijat Controlware, Inc.
11522 North Lou-A1
Houston, TX  77024

Phoenix Pollution Control
720 S. Lynchburg Road
Baytown, TX  77520

Primary Chemicals, LLC
14906 FM 529, Ste. 202
Houston, TX  77095

Progressive Pumps Corp.
PO Box 73108
Houston, TX  77273-3108

Property Management Partners
11 Evia Main, Apt. 203
Galveston, TX  77554

REIS Environmental
PO Box 8498
St. Louis, MO  63132

Restek
110 Benner Circle
Bellefonte, PA  16823

Rexel
150 East Ross Ave.
El Centro, CA  92243

Rod Hayslett
55 Waugh Dr., Ste. 800
Houston, TX  77007

RRS/SCHIRMER
6455 South Shore Blvd., Ste. 400
League City, TX  77573

Saia Motor Freight Line, Inc.
PO Box A, Station 1
Houma, LA  70363

Savitr Capital, LLC
One Market Plaza
Stuart Tower, Ste. 1400
San Francisco, CA  94105

Sea Lion Technology, Inc.
PO Box 1807
Texas City, TX  77592

Secretary of State
PO Box 13697
Austin, TX  78711-3697

South Texas Boilers
14715 East Freeway
Houston, TX  77015

Southern Heat Exchangers
12210 A US 90 East
Houston, TX  77049

Sparkletts Water
PO Box 660579
Dallas, TX  75266

Sparkling Clear Industries
422 W. Plantation
Clute, TX  77531

SRI Instruments
20720 Ear Street
Torrance, CA  90503-2162

Standard Renewable Energy Group, LLC
c/o John D. White, General Counsel
1100 Louisiana, Ste. 5005
Houston, TX  77002

Stargel Office Solutions
4700 Blalock Rd.
Houston, TX  77041

Steven L. Roberts
Sutherland Asbill & Brennan LLP
Two Houston Center
909 Fannin, Ste. 2200
Houston, TX  77010

SulTex, Ltd.
PO Box 3387
Galveston, TX  77550

Sunbelt Rentals
10620 Needham St.
Houston, TX  77013

Swagelok
105 Circle Way
Lake Jackson, TX  77566

Syspro Impact Software, Inc.
959 South Coast Drive, Ste. 100
Costa Mesa, CA  92626

T. B. Jones Co.
1025 Ashland Blvd.
Channelview, TX  77530

Texas Comm. on Environmental Quality
Financial Administation Division
Cashier's Office, MC-214
PO Box 13088
Austin, TX  78711

Texas Gas Service
Attn: Legal Department
1301 South Mopac, Ste. 400
Austin, TX  78746

Texas International Terminals
PO Box 17017
Galveston, TX  77552

Texas Workers' Compensation Commission
Southfield Building, MS-4C
4000 South IH-35
Austin, TX  78704-7491

Tim Pearson
1941 Waterford Way
Seabrook, TX  77586

Toshiba America Business Solution
PO Box 740441
Atlanta, GA  30374-0441

Trinity Green Services, LLC
1165 S. Stemmons Freeway
Suite 100
Lewisville, TX  75067

Triplex, Inc.
PO Box 4591
Houston, TX  77210

Turner Industries Group, LLC
Construction & Maintenance Division
8687 United Plaza Blvd.
Baton Rouge, LA  70809

U.S. Department of Labor
Houston South Area Office
17625 El Camino Real, Ste. 400
Houston, TX  77058

ULINE
2200 S. Lakeside Drive
Waukegan, IL  60085

United Healthcare
Dept. CH 10151
600550151C0009
Paleatine, IL  60055-0151

Univar USA Inc.
777 Brisbane
Houston, TX  77061

Vertical UK LLP
Amicorp House, 81
Fenchurc Street
GB-London
EC3M 4BT

VWR
PO Box 640169
Pittsburgh, PA  15264

Wayne Wicks & Associates
110 N. Broadway St., Ste. C
La Port, TX  77571

Weaver & Tidwell LLP
24 Greenway Plaza, Ste. 1800
Houston, TX  77046

Joseph Ziemianski
Cozen O'Connor
One Houston Center
1221 McKinney, Ste. 2900
Houston, TX  77010

Bryan Verzey
Cozen O'Connor
One Houston Center
1221 McKinney, Ste. 2900
Houston, TX  77010

Wade Williams
Lewis and Williams
2200 Market Street, Ste. 750
Galveston, TX  77550

Anthony M. Guerino, II
Gardere Wynne Sewell LLP
1000 Louisiana, Ste. 3400
Houston, TX  77002

Daniel B. Nelson
Law Offices of Daniel B. Nelson
Arena Tower I
7322 S. W. Freeway, Ste. 2020
Houston, TX  77074

Steven L. Roberts
Sutherland Asbill & Brennan LLP
Two Houston Center
909 Fannin, Suite 2200
Houston, TX  77010

Brad W. Gaswirth
Canterbury, Elder, Gooch, Surratt,
  Shapiro & Stein, P.C.
5005 LBJ Freeway, Suite 1000
Dallas, TX  75244-6199

Russell S. Post
Beck, Redden & Secrest, LLP
One Houston Center
1221 McKinney, Ste. 4500
Houston, TX  77010

W. Jason Walker
Andrews Myers Coulter & Hayes, P.C.
3900 Essex Lane, Ste. 800
Houston, TX  77027