IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 10-80278-G3-11 |
| | § | |
| GALVESTON BAY BIODIESEL, LP | § | Chapter 11 |
| | § | |
| Debtor | § | |

DEBTOR'S APPLICATION PURSUANT TO
11 U.S.C. §§ 327(a) AND 328 AND FED. R. BANKR. P. 2014 TO
EMPLOY AND RETAIN HARNEY MANAGEMENT PARTNERS, LLC
AS ITS INVESTMENT BANKER

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Galveston Bay Biodiesel, LP (the "Debtor") submits this Application (the "Application") for an Order Pursuant to Sections 327(a) and 328 of the Bankruptcy Code Authorizing the Employment and Retention of Harney Management Partners, LLC ("HMP") as its investment banker. In support of this Application, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 327 and 328 chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On May 10, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

3. The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established.

4. GBB is a Texas limited partnership that was formed on December 9, 2005 to develop and operate biodiesel production facilities. GCIP, LLC is the general partner, and 19 other individuals and entities have some limited partnership interest, including Standard Renewable Energy Group, LLC and Biodiesel 1, LLC, the only limited partners with more than a 7% partnership interest.

5. The Debtor currently has 5 employees, but at its peak in 2008 it had over 30 employees. The Debtor's plant is located at 4828 Old Port Road, Galveston, Texas 77554. The Debtor leases the approximately seven (7) acres of land upon which the plant sits in Galveston

from Sultex Ltd. ("Sultex"). The plant is located on the Galveston ship channel with ready access to ship, barge, rail and truck transportation.

6. The plant began operation in August 2007. From August 2007 until early summer 2008, significant modifications were made to the plant to increase its production capabilities. At the point of the beginning of production in the second week of September 2008, Hurricane Ike washed through Galveston causing about $23.4 million in damages to the plant and business interruption claims.

7. In the summer of 2009, GBB attempted to restart the facility but numerous problems related to the hurricane and the delay caused by it severely limited the plant's capabilities.

8. The Debtor's insurance companies, Liberty Mutual Insurance Company and Ace American Insurance Company, failed to pay outstanding claims for property damage and business interruption caused by Hurricane Ike. As a result the Debtor has not been able to make necessary repairs to make the plant fully operational or to pay the numerous claims from vendors and suppliers incurred as result of the efforts to restore the plant after the hurricane.

9. In addition to the disruption caused by Hurricane Ike, in 2009 the Federal Government failed to issue new mandates for the use of biodiesel as required by law, and failed to extend the tax credit to blenders for the blending of biodiesel. This has severely impacted the entire biodiesel industry.

10. The combined effect of the failure of the Debtor's insurance companies to honor its Hurricane Ike insurance claims and the industry impact caused by the lack of a biodiesel mandate have made it necessary for the Debtor to file this chapter 11 bankruptcy case. The Debtor's decision to file was hastened by the receipt of a Notice of Termination and Demand for

Possession (the "Termination Notice"), received on March 22, 2010 from Sultex, the Debtor's landlord. The Termination Notice alleged payment and other defaults under the lease, and gave notice that the lease would terminate on April 7, 2010. The Debtor subsequently negotiated several extensions of the termination date, the latest such extension being May 12, 2010.

## RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

11. By this motion, the Debtor seeks entry of an order, pursuant to 11 U.S.C. § 327(a), authorizing it to employ HMP as its investment banker to assist the Debtor with the marketing and sale of its assets.

12. Pursuant to 11 U.S.C. §327(a), the Debtor may employ "professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]. 11 U.S.C. § 327(a).

13. The Debtor has selected HMP as its investment banker for this chapter 11 case because HMP is a leading provider of management and consulting services on behalf of a wide range of parties, including lending institutions, secured and unsecured creditors, shareholders, and business owners. Throughout the course of its business, HMP has focused on maximizing value for stakeholders and has built a solid reputation as an industry leader. HMP has a highly skilled and diverse team of professionals and the Debtor believes that HMP is well qualified to serve as its advisor in this case and to assist in the marketing and sale of the Debtor's assets.

14. The Debtor expects that HMP's services for its estate will include some or all of the following services:

> (a) assembling the necessary information required to prepare a Descriptive Memorandum and other marketing materials, as well as maintain an online document room for buyer due diligence purposes;

(b) exposing the Debtor's assets to a broad cross section of the market in order to determine the current level of interest in the subject assets, up to and including, making an offer and/or competing with a Stalking Horse offer if one has been established;

(c) facilitating buyer review of due diligence materials and physical inspection of the assets;

(d) maintaining contemporaneous and detailed records as to the conduct of the sale process to be used as evidence during the approval of the sale in the bankruptcy case;

(e) assisting, as necessary, in the preparation of motions, answers, orders, reports, and other legal papers in connection with the sale of the Debtor's assets of the bankruptcy estate; and

(f) performing such other services as may be necessary and appropriate for the efficient and economical administration of the case.

15. Pursuant to its engagement letter with the Debtor, HMP intends to be paid weekly for professional services rendered in connection with this chapter 11 case. Each week, HMP will email or fax a weekly statement of its fees and expenses for the prior week's services to the United States Trustee, counsel to any committee appointed in this case, and counsel to Altira. If no objection is received by HMP to the weekly statement within five (5) business days after it served, the Debtor shall be authorized to pay the weekly statement of HMP. If an objection to a weekly statement is timely received, HMP shall file a motion with the Bankruptcy Court to schedule a hearing for the resolution of any such objection. The Debtor shall be authorized to pay HMP's fees and expenses upon the resolution (by the Bankruptcy Court or by agreement of the parties) of any objection to a weekly statement.

16. HMP further intends that all of its compensation for professional services

rendered in this case be subject to the Bankruptcy Court's final approval in compliance with applicable provisions of the Bankruptcy Code, the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules") and order of this Bankruptcy Court.

17. It is HMP's policy to charge its clients for actual expenses incurred in connection with the client's case. These expenses charged to clients include, among other things, postage, package delivery, transcript costs, telephone charges when utilizing third-party conference call facilitators, internal photocopying at a rate of $.10 per page, outside copy service costs, travel expenses, expenses for "working meals", and computerized research.

18. As set forth in the affidavit of Gregory S. Milligan (HMP's Executive Vice President), attached hereto and incorporated into this motion as Exhibit A (the "Affidavit"), other than as set forth herein and in the Affidavit, to the best of the Debtor's knowledge, HMP represents no entity with an adverse interest to the Debtor's estate and otherwise has no connection with the Debtor, the Debtor's creditors or any other party-in-interest in the case, including their respective attorneys and accounts. In addition, HMP has no connection with the United States trustee, or any person employed in the office of the United States Trustee. HMP is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

19. The Debtor believes that HMP's employment is in its best interest and the best interests of its estate.

20. The Debtor requests approval of this application *nunc pro tunc* to the Petition Date, as provided by the terms of Bankruptcy Local Rule 2014(b).

## NO PRIOR REQUEST

21.  No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor requests this Court enter an order, in the form attached hereto, (a) authorizing it to employ and retain HMP as financial advisor to the Debtor, and (b) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 20th day of May, 2010

SELMAN MUNSON & LERNER, P.C.


By:  /s/ Christopher D. Johnson
       Christopher D. Johnson
       TBA No. 24012913
       Two Memorial City Plaza
       820 Gessner, Suite 800
       Houston, Texas  77024
       Telephone:   (713) 827-1722
       Facsimile:   (713) 827-1438

PROPOSED ATTORNEYS FOR DEBTOR AND
DEBTOR-IN-POSSESSION


## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading has been served upon the parties listed on the attached Service List by electronic mail where available, or by first class mail, postage prepaid, on this 20th day of May, 2010.

              /s/ Christopher D. Johnson
              Christopher D. Johnson

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 10-80278-G3-11 |
| | § | |
| GALVESTON BAY BIODIESEL, LP | § | Chapter 11 |
| | § | |
| Debtor | § | |

### AFFIDAVIT OF GREGORY S. MILLIGAN IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUTPCY CODE AND BANKRUPTCY RULE 2014(a) FOR AN ORDER AUTHORIZING THE RETENTION OF HARNEY MANAGEMENT PARTNERS, LLC

STATE OF TEXAS      §
                                §
COUNTY OF HARRIS §

Personally appeared before the undersigned officer, duly authorized to administer oaths, Gregory S. Milligan, and after being duly sworn, states as follows:

1. I am Executive Vice President of the firm of Harney Management Partners, LLC ("HMP"), located at Frost Tower, 401 Congress Avenue, Suite 1540, Austin, Texas 78701 and a mailing address of P. O. Box 90099, Austin, Texas 78709, and in that capacity I have personal knowledge of, and authority to speak on behalf of HMP, with respect to the matters set forth herein. This Affidavit is offered in support of the Debtor's Application Pursuant to 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 to Employ and Retain Harney Management Partners, LLC as its Investment Banker (the "Application"). HMP routinely provides investment banking services to a range of middle market clients, both inside and outside of the bankruptcy process. The matters set forth herein are true and correct to the best of my knowledge, information and belief.

2. HMP shall submit periodic applications for compensation and other charges in accordance with its normal billing practices. The compensation agreed to be paid by the Debtor



to the undersigned is for services to be rendered in connection with this case at the usual and customary hourly rates charged by the undersigned. The current hourly rates do not exceed $350.00.

3. Except as stated herein, to the best of my knowledge, information and belief, HMP does not hold or represent a party that holds an interest adverse to the Debtor nor does it have any connection with the Debtor's creditors, or any party in interest or their respective attorneys and accountants with respect to the matters for which HMP is to be employed, is disinterested as that term is used in 1 U.S.C. § 101(14), and has no connections with the United States trustee or any person employed in the Trustee's office.

## Qualifications of HMP

4. HMP is a multi-disciplinary financial advisory firm with leading practices in the areas of financial restructuring and investment banking. HMP has extensive experience and knowledge in the fields of investment banking, financial restructuring and turnaround services assisting companies with average annual sales of $20 million to more than $1 billion. HMP has provided such services to dozens of similarly situated middle market companies like the Debtor, both inside and outside of an insolvency proceeding. Members of HMP have provided investment banking services similar to those required in this case on many prior occasions – in the context of Chapter 11 proceedings in several different states, as a court appointed receiver and in different out-of-court environments.

## Scope of Services

5. In accordance with the terms of the engagement letter executed by and between the Debtor and HMP on April 15, 2010 (the "Engagement Letter"), Mr. Milligan will perform the following services, among others, in connection with this case to the extent they are desired

or necessary:

    a) assembling the necessary information required to prepare a Descriptive Memorandum and other marketing materials, as well as maintain an online document room for buyer due diligence purposes;

    b) exposing the Debtor's assets to a broad cross section of the market in order to determine the current level of interest in the subject assets, up to and including, making an offer and/or competing with a Stalking Horse offer if one has been established;

    c) facilitating buyer review of due diligence materials and physical inspection of the assets;

    d) maintaining contemporaneous and detailed records as to the conduct of the sale process to be used as evidence during the approval of the sale in the bankruptcy case;

    e) assisting, as necessary, in the preparation of motions, answers, orders, reports, and other legal papers in connection with the sale of the Debtor's assets of the bankruptcy estate; and

    f) performing such other services as may be necessary and appropriate for the efficient and economical administration of the case.

## **HMP's Disinterestedness**

6. Pursuant to section 327 of the Bankruptcy Code, HMP has conducted a conflicts search and, to the best of its knowledge and except to the extent disclosed in the Application or herein, determined that, it (a) has no connection with the Debtor, its creditors, or other parties in interest in these cases, (b) does not hold any interest adverse to the Debtor's estate, and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

7. The Debtor does not owe HMP any amount of services performed or expenses incurred prior to the Petition Date and thus HMP is not a prepetition creditor of the Debtor.

8. Accordingly, the Debtors believe that HMP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code Basis for Relief Requested.

## Fees

9. HMP has provided financial advisory services to the Debtor prior to the Petition Date, and HMP has been paid in full for all such fees and expenses and does not hold a pre-petition claim against the Debtor. HMP currently holds a retainer of approximately $15,000.00 which will be used to pay post-petition fees and expenses pursuant to the orders of this Court. Subject to the approval of this Court, HMP will be compensated pursuant to the same commercial terms delineated in the Engagement Letter and, in the even services outside the scope of those services are provided, by payment of additional amounts mutually agreed upon between the Debtor and HMP. HMP's requested compensation will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate. Furthermore, HMP will seek reimbursement for the reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services. HMP requests that the Court authorize weekly provisional payments of 80% of invoiced fees and 100% of invoiced out-of-pocket expenses, subject to this Court's later approval of such fees and expenses. HMP intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Code, the Rules. HMP has agreed to accept as compensation such sums as may be allowed by the Court. HMP understands that interim and final fee awards are subject to approval by this Court subject to recoupment.

10. HMP has received no promises regarding compensation in this Chapter 11 case other than in accordance with the Bankruptcy Code and as set forth herein. HMP has no agreement with any other entity share any compensation earned in this Chapter 11 case. Subject

to the approval of the Court, the source of all funds for services rendered in this Chapter 11 case shall be the Debtor's estate.

_____
Gregory S. Milligan

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

SUBSCRIBED TO AND SWORN TO before me by Gregory S. Milligan on this 20 day of May, 2010, to certify which witness my hand and official seal.

KAREN ELIZABETH DAVIS
Notary Public, State of Texas
My Commission Expires
July 16, 2013

_____
Notary Public in and for the State of Texas

# SERVICE LIST

**United States Trustee**

Ellen Maresh Hickman
Office of the United States Trustee
515 Rusk St., Ste. 3516
Houston, TX 77002
ECF: Ellen.hickman@usdoj.gov


**Parties Requesting Service**

Trent L. Rosenthal
Beirne Maynard & Parsons, LLP
Counsel for Sullivan Group
1300 Post Oak Blvd., Ste. 2500
Houston, TX 77056
ECF: trosenthal@bmpllp.com

Scott A. Mixon
Co-Counsel for Sullivan Group
2423 Market Street, Ste. 100
Galveston, TX 77550
ECF: smixon@mmo-law.com

Allison D. Byman
ECF: Allison.Byman@tklaw.com
Randy W. Williams
ECF: Randy.Williams@tklaw.com
Thompson & Knight LLP
Counsel for Altira Group LLC
333 Clay St., Suite 3300
Houston, TX 77002-4499

Judith W. Ross
ECF: Judith.ross@bekerbotts.com
Ian E. Roberts
ECF: ian.roberts@bakerbotts.com
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980

John P. Dillman
Linebarger Goggan Blair & Sampson, LLC
Counsel for Cypress – Fairbanks ISD,
Galveston County and Harris County
PO Box 3064
Houston, TX 77253-3064


**Creditors Holding Secured Claims**

Altira Group LLC
World Trade Center
1625 Broadway, Ste. 2450
Denver, CO 80202

Ann Best Elite Temporaries
39018 Treasury Center
Chicago, IL 60694-9000

Clean Coast Technologies, Inc.
1041 Thomas Ave.
Pasadena, TX 77506

Consolidated Electrical Distributors Inc
PO Box 5410
Covington, LA 70434

Phoenix Pollution Control
720 S. Lynchburg Road
Baytown, TX 77520


**Twenty Largest Unsecured Creditors**

Vertical UK LLP
Amicorp House, 81
Fenchurc Street
GB-London
EC3M 4BT

SulTex, Ltd.
PO Box 3387
Galveston, TX 77550

Mithoff Law Firm
c/o Richard W. Mithoff
One Allen Center
Penthouse, Ste. 3450
500 Dallas Street
Houston, TX  77002

Noble Americas Corporation
333 Ludlow St., Ste. 1230
Stamford, CT  06902

Texas International Terminals
PO Box 17017
Galveston, TX  77552

Kirby Inland Marine, LP
PO Box 200788
Houston, TX  77216

Lansing Trade Group, LLC
PO Box 27267
Overland Park, KS  66210

Texas Gas Service
Attn: Legal Department
1301 South Mopac, Ste. 400
Austin, TX  78746

Sullivan Land Services, LP
PO Box 131486
Houston, TX  77219

Donald Wells Consulting Co.
2347 Bright Meadows
Missouri City, TX  77489

Mitsubishi Int'l Tank Rentals
655 Third Ave.
New York, NY  10017

McGriff, Seibels & Williams, Inc.
10375 Richmond Ave.
Suite 1700
Houston, TX  77042

Direct Energy
1001 Liberty Avenue
Pittsburgh, PA  15222

Jackson Walker, LLP
PO Box 130989
Dallas, TX  75313

American Commodities Brokerage
145 East 48th St., Ste. 31C
New York, NY  10017

Cisco Boiler Service Company
PO Box 266161
Houston, TX  77207-6161

Intertek
Caleb Brett USA Inc.
PO Box 32849
Hartford, CT  06150

Baker Corp
101 Old Underwood Rd., Bldg B
La Porte, TX  77571