IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-80278-LZP |
| | § | |
| GALVESTON BAY BIODIESEL, LP | § | Chapter 11 |
| | § | |
| | § | |

**KIRBY INLAND MARINE, LP'S OBJECTION TO DEBTOR'S MOTION TO APPROVE (I) LETTER OF INTENT AND PURCHASER PROTECTION PROVISIONS, (II) SALES PROCEDURE AND FORM OF NOTICE, AND (III) CERTAIN BID PROTECTIONS**

Kirby Inland Marine, LP ("**Kirby**"), a creditor in this case, hereby objects to the Motion to Approve (I) Letter of Intent and Purchaser Protection Provisions, (II) Sales Procedure and Form of Notice, and (iii) Certain Bid Protections ("**Sale Motion**") and in support thereof states as follows:

1. Kirby objects to Sale Motion because on June 28, 2009, Kirby filed its Motion to Appoint Chapter 11 Trustee. It would be improper to approve the Sale Motion if a trustee is appointed, so all relief should be denied, subject to a trustee re-urging the relief requested if it is deemed in the best interests of creditors.

2. The Motion to Appoint Chapter 11 trustee was filed because the Sale Motion seeks to approve bidding procedures to sell the estate's two primary assets, (1) its plant and equipment and (2) a lawsuit against the Debtor's insurers (the "**Insurance Lawsuit**") valued at $8.4 million, to 4828 PIB, LLC, which is controlled by insiders of the Debtor. Creditors will not have sufficient access to the privileged information necessary to determine whether the proposed sale price of $1.3 million for the plant and the lawsuit (without any allocation) is reasonable and in the best interest of creditors. A Chapter 11 trustee will be a neutral party who can examine the facts of the case and

determine whether the sale of the lawsuit to these insiders is appropriate or whether the trustee should pursue the case directly on behalf of creditors.

3. Kirby also objects to the LOI and Sale Procedure because they do not require an allocation of the purchase price among all assets. No auction should occur until each asset or group of assets (as identified in the LOI) is separately identified and a price given for each. As stated above, there is no way to determine the purchase price of the Insurance Lawsuit without an allocation. Furthermore, the LOI of 4828 PIB, LLC also contemplates a waiver of certain claims. Until a claims analysis or liquidation analysis is provided, it is impossible to put a value on the waived claims, thus making the determination of the highest and best price under the sales procedures subjective and undefined.

WHEREFORE, for the foregoing reasons, Kirby respectfully requests that this Court deny the Debtor's Sales Motion and grant such and other and further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Duane J. Brescia*
Stephen A. Roberts (SBN 17019200)
Duane J. Brescia (SBN 24025265)
**Strasburger & Price, LLP**
600 Congress Ave., Suite 1600
Austin, Texas 78701-2974
Tel. 512.499.3600 / Fax 512.499.3660

**ATTORNEYS FOR
KIRBY INLAND MARINE, LP**

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the forgoing document has been served via ECF system electronic transmission or by first class, U.S. Mail, to the parties listed below or on the attached service list on July 1, 2010.

Christopher D. Johnson
600 Travis Street, Ste. 7000
Houston, TX  77002
cjohnson@mckoolsmith.com

                                  */s/ Duane J. Brescia*_____
                                  Duane J. Brescia